UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR OSWALDO GONZALEZ-CASTILLO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK GARLAND, et al.<br><br>Respondents. | Case No. 2:21-cv-00140-KJD-EJY<br><br>**ORDER** |

**I.     Introduction**

This is a habeas corpus action under 28 U.S.C. § 2241.  Petitioner Oscar Oswaldo Gonzalez-Castillo is in immigration detention.  He seeks either release from detention or a bond to be determined by the court.  ECF No. 6 at 13.  Currently before the court are multiple motions. Respondents have filed a motion to dismiss and a motion for leave to supplement new evidence. ECF No. 12, 18.  Gonzalez-Castillo has filed a motion for release on parole.  ECF No. 22. Respondents have filed a motion to strike that motion for release on parole and a motion to strike a surreply in support of Gonzalez-Castillo's opposition to the motion for leave to supplement new evidence.  ECF No. 25, 26.  Gonzalez-Castillo has filed a motion for new evidence of serious reasons to believe that an Interpol Red Notice is clearly erroneous.  ECF No. 28.  Finally, respondents have filed a motion to appear, substitute and withdraw attorney of record.  ECF No.

1

29. The court disposes of all of these motions in this order.  Most importantly, the court grants respondents' motion to dismiss and motion for leave to supplement new evidence.  The court thus dismisses this action.

**II.     Background**

Gonzalez-Castillo is a native and citizen of El Salvador.  He entered the United States without inspection or permission.  In 2017, Gonzalez-Castillo was charged in Clark County, Nevada, with first-degree kidnapping, battery with intent to commit sexual assault, sexual assault, and battery by strangulation.  Ex. A (ECF No. 12-1).  In 2018, Gonzalez-Castillo was arrested in Los Angeles, California, on the same charges.  Ex. B (ECF No. 12-2).

Respondents' description of the state-court criminal proceedings is missing some facts but ultimately comes to the correct conclusion.  The court takes judicial notice of the on-line docket of the Eighth Judicial District Court of the State of Nevada in State v. Gonzalez, Case No. C-18-332913-1.[1]  Respondents note that the justice-court proceedings on the above charges were dismissed on June 22, 2018.  Ex. A (ECF No. 12-1).  That much is correct, but the justice-court dismissed the proceedings because on June 21, 2018, in parallel proceedings the grand jury indicted Gonzalez-Castillo on 10 counts:  One count each of burglary, first-degree kidnapping, battery with intent to commit sexual assault, battery by strangulation with intent to commit sexual assault, battery by strangulation, and coercion; two counts each of open or gross lewdness and sexual assault.  On January 22, 2020, Gonzalez-Castillo was found not guilty on all counts.

In 2019, an Interpol Red Notice was issued, stating that Gonzalez-Castillo was a fugitive wanted for a criminal proceeding in El Salvador.

Gonzalez-Castillo was released from jail into the custody of Immigrations and Customs Enforcement on January 23, 2020.  Ex. B (ECF No. 12-2).  That same month, Gonzalez-Castillo was served with a notice to appear, which commenced removal proceedings.  The notice to appear charged Gonzalez-Castillo with being inadmissible as a non-citizen present in the United States without being admitted or paroled.  Ex. D (ECF No. 12-4).  Gonzalez-Castillo admitted the

---

[1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=11877025 (report generated February 14, 2022).  In both the justice-court case and the district-court case, Gonzalez-Castillo was names as "Oscar Gonzalez."

1    facts in the notice of appear. The immigration judge sustained the charge of inadmissibility and
2    ordered Gonzalez-Castillo removed from the United States.

3         Gonzalez-Castillo has been held in custody without bond. On April 21, 2020, an
4    immigration judge denied a bond redetermination. Ex. E (ECF No. 12-5). Gonzalez-Castillo
5    appealed the bond decision to the Board of Immigration Appeals. The Board of Immigration
6    Appeals upheld the decision of the immigration judge. Ex. F (ECF No. 12-6). In September
7    2020, Gonzalez-Castillo moved for a bond redetermination hearing. Ex. G (ECF No. 12-7). An
8    immigration judge denied the motion. Id. Gonzalez-Castillo moved for reconsideration. An
9    immigration judge held a bond redetermination hearing on October 22, 2020. Id. The
10   immigration judge denied bond. Id. Gonzalez-Castillo moved for a change in custody status. An
11   immigration judge held a hearing in March 2021 and denied bond on March 29, 2021. Ex. H
12   (ECF No. 12-8). On August 26, 2021, an immigration judge again denied a request for a change
13   in custody status. ECF No. 18-1.[2]

14        Gonzalez-Castillo also has sought asylum, the withholding of removal, and protection
15   under the Convention Against Torture. On July 31, 2020, an immigration judge denied his
16   requests and ordered him removed to El Salvador. Ex. I (ECF No. 12-9). Gonzalez-Castillo
17   appealed to the Board of Immigration Appeals. On January 8, 2021, the Board of Immigration
18   Appeals upheld the decision of the immigration judge. Ex. J (ECF No. 12-10). Gonzalez-Castillo
19   then filed a petition for review with the Ninth Circuit. That petition currently is pending, with
20   oral argument scheduled for April 12, 2022. Gonzalez-Castillo v. Garland, Case No. 21-70112.

21   **III.   Discussion**

22       **A.   Respondents' Motion to Appear, Substitute and Withdraw Attorney of**
23   **Record (ECF No. 29)**

24        This is a housekeeping matter that the court grants.

---

[2] Attached to the motion to dismiss (ECF No. 11) are 11 exhibits, designated A through K. Attached to the motion for leave to supplement new evidence is an exhibit designated A. Now there are, confusingly, two Exhibits A in the record. The court reminds respondents for future habeas corpus litigation that under LSR 3-3(d) they need to letter their exhibits sequentially throughout the action. I.e., respondents should have designated the exhibit attached to the motion for leave to supplement new evidence as Exhibit L.

3

1      **B.**      **Petitioner's Motion for New Evidence (ECF No. 28)**

2      The clerk of the court docketed this motion as a motion for new evidence. However, the

3 only documents in this docket entry are a cover letter and a copy of the cover letter. The court

4 denies this motion.

5      **C.**      **Petitioner's Motion for Release on Parole (ECF No. 22) and Respondents'**

6 **Motion to Strike (ECF No. 25)**

7      Gonzalez-Castillo's motion simply repeats his allegations in his habeas corpus petition.

8 The court denies the motion because it is redundant. Respondents filed a combined opposition to

9 the motion and a motion to strike the motion. The court denies the motion to strike as moot

10 because the court is dismissing Gonzalez-Castillo's motion.

11      **D.**      **Respondents' Motion for Leave to Supplement New Evidence (ECF No. 18)**

12 **and Respondents' Motion to Strike Petitioner's Surreply (ECF No. 26)**

13      The new evidence that respondents wish to include is the August 26, 2021 denial of a

14 change in custody status, which the court has noted above. ECF No. 18-1. Gonzalez-Castillo

15 opposes the motion, but he does not persuade the court. The new evidence shows that

16 immigration judges continue to review Gonzalez-Castillo's case for any change in circumstances

17 that would warrant setting a bond. The court grants this motion.

18      The court agrees with respondents in their motion to strike. Gonzalez-Castillo filed a

19 surreply to the motion for leave to supplement new evidence, and neither Local Rule LR 7-2 nor

20 this court authorized a surreply. The court grants respondents motion to strike.

21      **E.**      **Respondents' Motion to Dismiss (ECF No. 12)**

22      Gonzalez-Castillo is in custody pursuant to 8 U.S.C. § 1226(a). That provision allows the

23 Attorney General to arrest and detain an alien pending a decision whether to be removed from the

24 United States. It also allows the Attorney General to decide whether to release the alien on a

25 bond or conditional parole.

26      The petition contains two counts. In count 1, Gonzalez-Castillo claims that he is being

27 deprived of a custody hearing, in violation of the Due Process Clause of the Fifth Amendment.

28 That claim is untrue. As the court has noted above, immigration judges and the Board of

1    Immigration appeals, combined, on at least six occasions have continued to order Gonzalez-
2    Castillo detained without bond or have upheld those decisions.  To the extent that Gonzalez-
3    Castillo is claiming that those decisions are incorrect, the court lacks jurisdiction to consider that
4    claim.  "The Attorney General's discretionary judgment regarding the application of this section
5    shall not be subject to review.  No court may set aside any action or decision by the Attorney
6    General under this section regarding the detention or release of any alien or the grant, revocation,
7    or denial of bond or parole."  8 U.S.C. § 1226(e).  Gonzalez-Castillo's only relief on this count is
8    through the administrative process.

9    　　　In count 2, Gonzalez-Castillo claims that he is being detained indefinitely, with no
10   prospect of removal in the reasonably foreseeable future, in violation of the Due Process Clause
11   of the Fifth Amendment.  The court disagrees.  The Supreme Court has held that an alien cannot
12   be detained indefinitely in a removable-but-not-removable status; the most common situation
13   occurs when no country can be found to accept the alien.  Zadvydas v. Davis, 533 U.S. 678
14   (2001).  That is not the case here.  Gonzalez-Castillo's detention is occurring not because El
15   Salvador will not take him back, but because he still is litigating the order of removal from the
16   United States.  Gonzalez-Castillo does not allege that El Salvador will not accept him.  Gonzalez-
17   Castillo has a petition for review pending with the Ninth Circuit.  That court will hold oral
18   argument less than two months from now.  After the oral argument, the Ninth Circuit will issue a
19   decision.  There is nothing that would prevent Gonzalez-Castillo's removal to El Salvador if
20   ultimately he is unsuccessful in his petition for review.  See Prieto-Romero v. Clark, 534 F.3d
21   1053, 1062-65 (9th Cir. 2008).  Gonzalez-Castillo is not being detained indefinitely, and count 2
22   is without merit.

23   　　　As a federal detainee proceeding under 28 U.S.C. § 2241, Gonzalez-Castillo is not
24   required to obtain a certificate of appealability from the dismissal of this petition.  See Harrison v.
25   Ollison, 519 F.3d 952, 958 (9th Cir. 2008).

26   **V.    Conclusion**

27   　　　IT THEREFORE IS ORDERED that respondents' motion to appear, substitute and
28   withdraw attorney of record (ECF No. 29) is **GRANTED**.

1    IT FURTHER IS ORDERED that petitioner's motion for new evidence (ECF No. 28) is **DENIED**.

IT FURTHER IS ORDERED that petitioner's motion for release on parole (ECF No. 22) is **DENIED**.

IT FURTHER IS ORDERED that respondents' motion to strike (ECF No. 25) is **DENIED** as moot.

IT FURTHER IS ORDERED that respondents' motion for leave to supplement new evidence (ECF No. 18) is **GRANTED**.

IT FURTHER IS ORDERED that respondents' motion to strike (ECF No. 26) is **GRANTED**. The clerk of the court is directed to **STRIKE** petitioner's surreply (ECF No. 23).

IT FURTHER IS ORDERED that respondents' motion to dismiss (ECF No. 12) is **GRANTED**. This action is **DISMISSED**. The clerk of the court is directed to enter judgment accordingly and to close this action.

DATED:   February 18, 2022

_____
KENT J. DAWSON
United States District Judge